# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| BOBBY DICKERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF LYNN M. ANDERSON and )<br>DEPUTIES INVOLVED WITH THIS )<br>MATTER, )<br>)<br>Defendants. ) | Case No. CV608-074 |

## REPORT AND RECOMMENDATION

On October 1, 2008, the Court ordered plaintiff to show cause why his case should not be dismissed for his failure to answer truthfully the question on his civil complaint form which inquired about his prior lawsuits. (Doc. 6.) In his response to that Order, plaintiff states that he did not remember his earlier cases because of his mental illness and that he misunderstood the question because of his lack of education. (Doc. 7.) Plaintiff's response is not convincing, and the Court finds that he has failed to show just cause for his blatant deception regarding his filing history. This case, therefore, should be **DISMISSED** without prejudice and should

be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g).

Question 1(B) of the standard form complaint requires prisoners to disclose whether they have brought any other federal lawsuits while incarcerated. (Doc. 1 at 2.) Under penalty of perjury, plaintiff indicated that he had not. (Id.) The Court, however, is aware of seven federal cases that he failed to disclose. Dickerson v. Sikes, No. CV101-3365 (N.D. Ga. May 15, 2002); Dickerson v. Cochran, No. CV94-6916 (S.D. Fla. Oct. 31, 1997); Dickerson v. Enfield, No. CV495-40021 (N.D. Fla. Oct. 23, 1996); Dickerson v. Anderson, No. CV95-6174 (S.D. Fla. May 12, 1995); Dickerson v. Portier, No. CV195-120 (S.D. Fla. Feb. 24, 1995); Dickerson v. Sheriff of Broward County, No. CV95-6163 (S.D. Fla. Feb. 17, 1995); Dickerson v. Forst, No. CV94-7161 (S.D. Fla. Jan. 18, 1995).[1] It appears that every time that plaintiff is incarcerated, he files one or more federal lawsuits. The Court is not convinced that his mental health problems caused him to forget those cases, as his decade-plus filing history clearly shows that he remembers how to file federal complaints when it is convenient for him to

---

[1] Plaintiff states in his response to the Court's show cause order that he believed that he was only required to list cases he had filed in Georgia, yet he failed to list the first of the cases mentioned above, which was filed in the Northern District of Georgia in 2001.

do so. Accordingly, the Court finds that plaintiff has purposefully attempted to disguise his filing history.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Plaintiff clearly had not forgotten the fact that he had initiated previous civil suits as a prisoner. His explanation for his failure to disclose any of his federal filing history is a transparent fabrication. Based upon plaintiff's dishonesty, this case should be **DISMISSED** without prejudice.

3

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007); Williams v. Brown, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[2] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid

---

[2] In Rivera, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id.

prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for prosecution as a criminal contempt (or for lying while under oath).

**SO REPORTED AND RECOMMENDED** this 21st day of October, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA